(Court of Appeal, Parish of Orleans.)

## GERMAN FIRE INSURANCE COMPANY OF PENN-SYLVANIA, OF PITTSBURG, PA. vs. JOSIAH TOOLEY.

Under the New York Standard Form of Fire Insurance Policy prescribed by Section 22 of Article 3 of Act 105 of 1898, a tender on return of the unearned premium is a condition precedent to the cancellation of the policy at the instance of the insurer.

Appeal from the Civil District Court, "Division "B."

. J. C. Hollingsworth, plaintiff and appellant.

. J. J. McLoughlin, defendant and appellee.

GODCHAUX, J.—Plaintiff appeals from a judgment maintaining an exception of no cause of action and dismissing the suit; and the sole question that requires consideration in determining the correctness of this judgment is whether or not the payment or tender on the part of the insurer of the unearned premium, is essential to effect a cancellation of a policy of insurance of the New York Standard Form prescribed by Act 105 of 1898, under the following provision, with respect to such cancellation, contained in the policy itself:

"This policy shall be cancelled at any time at the request of the insured; or by the company, by giving five days' notice of such cancellation. If this policy shall be cancelled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this com-

pany retaining the customary short rate; except that when this policy is cancelled by this company giving notice, it shall retain only the pro- rata premium.''

It is contended by appellant that the language of the foregoing provision is clear and unambiguous and that it is not susceptible of the interpretation that would require the prior payment or tender of the unearned premium in order to effect a cancellation.

On the other hand, however, this clause in the standard form of fire insurance policy has frequently been before the Courts of this country for interpretation, and the widely divergent views that have been expressed a to its meanng demonstrate that the language employed does not enjoy that clearness and perspecity which counsel for appellant attribues to it. The cases upon the subject are collated in a comprehensive note appended to case of **Davidson vs. German Insurance Company, 13 L. R. A., N. S., p. 84**, and from a consideration of this note it as apparent that, by the current of authority in construing the clause quoted, the duty is laid upon the insurer, when seeking cancellation, to accompany his notice of cancellation with the payment or tender of the return premium in order to make the motive operative

> See also, **Kinney vs. Caledonia Ins. Co., 148 Ill. Arreals, 256-260; Richards on Insurance Law, n. 388; Ostrander on Fire Insurance, pp, 48, 58 and 60; Clement on Fire Insurance, Vol. 2, p. 405 and note Cooley's Briefs, Vol. 2, p. 1047; Vol. 3, p. 2801.**

The interpretation of this clause is **res nova** in our Courts, but the fact that, at the time of the statutory adoption of this form of policy in this State, it had long enjoyed in the Courts of the State of New York, whence

the policy was derived, the meaning approved in the majority of the adjudged cases as aforesaid, is a persuasive reason in favor of the adoption oi a sfmilar construction in this jurisdiction. Moreover, such an interpretation is more in accord than a contrary holding would be, with the equitable principle so generally recognized in our jurisprudence, which forbids that a party should be released from his obligation while still retaining the consideration received by him for its performance.

### Wolls vs. Collins, 18 Ann., 475.

The exception of no cause of action was properly maintained because the petition failed to disclose that the notice relied upon to effect a cancellation was accompanied by the payment or tender of the unearned premium. This view of the meaning of the clause in controversy renders unnecessary a consideration of the other objections leveled at plaintiff's presentation of its right of action.

It is accordingly ordered that the judgment appealed from be affirmed.

Judgment affirmed.

December 4, 1911.

Rehearing refused December 18, 1911.

January 30, 1912, Decree Supreme Court, writ denied.